i KENNON, Judge.
Alleging that he was totally and permanently disabled from an injury received in the course of his' employment, plaintiff filed this'suit against his employer’s insurer, seeking to recover maximum compensation for .a period of four hundred weeks, less twenty-four weeks already paid.
The defendant' in. answer admitted the employment, but denied that plaintiff received-any injury, and in the alternative, if the plaintiff did receive an injury, asserted that he had fully recovered from same. The defendant further asked for judgment in reconvention for the twenty-four weeks compensation and medical expenses paid to "plaintiff.
From a judgment of the District Court in favor of plaintiff, defendant prosecutes this appeal.
Plaintiff, a mechanic by profession, was employed at a sawmill operated by defendant’s insured. He testified that on December 9, 1948 as he was lifting an acetylene drum, “the pain hit me in my back;” that although the pain was severe, he continued to work; that on the 14th day of the same month as he again lifted the same article, the pain recurred. He worked until the *928 17th or 18th and then went home to bed. On the 18th he consulted a Mansfield, Louisiana physician, Dr. H. P. Curtis, who-piaced plaintiff -in the hospital for about five weeks and continued to treat him up until the time of the trial in’ November, 1949. ' '
The only testimony that plaintiff suffered-a back injury on the. date alleged is 'from the plaintiff himself. .The occurrence of the accident is corroborated by the fact that plaintiff was employed and carried out the duties of his employment, which required the performance of hard labor and the lifting of heavy objects before the accident, even though he was suffering from an arthritic condition which was of long duration and chronic in nature.
The medical witness for plaintiff, Dr. Curtis, was of the opinion that plaintiff’s disability was caused by a slipping forward of the fourth vertebra of plaintiff’s back. He was strengthened in this diagnosis by the existence of a nerve disturbance in plaintiff’s leg evidenced by an increased sensitivity.
Dr. W. J. Taylor, called by the defense, found a limitation of spinal, and thigh flex-ion and extension.
Dr. J. C. Willis, Jr., called by defendant, concluded that there had been “strained ligaments in the area of the fourth and fifth -lumbar vertebrae.” He further testified that the plaintiff did have á “disability of some kind” and thought it was the result of the injury “he received working fo'r the •McCoy Lumber Company.” (Defendant’s insured.) .
Dr. J. B. Brown, called by defendant, testified that plaintiff' possibly had “an old traumatic arthritis” and that plaintiff’s condition was attributable to the stirring up of an “old pre-existing arthritis.”
The fourth doctor called by the defense did not consider the plaintiff to be disabled.
Without burdening this opinion with more details of the testimony, it is sufficient to say that the testimony in the record, while conflicting, amply supports the finding of the District Court in plaintiff’s favor for compensation during disability for a period not exceeding 400 weeks, subject to credit for 24 weeks previously paid by defendant.
The judgment appealed from-is affirmed, with costs.